AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

4/4/2025

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:25-mj-00168 |
| CHRISTOPHER DOWTIN | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __6/5/2024 through 2/18/2025__ in the county of __Greene__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 641 | Theft of Public Money, Property, or Records |
| 18 USC § 1343 | Wire Fraud |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Dewald Maxwell* Digitally signed by Dewald Maxwell
Date: 2025.04.04 14:28:00 -04'00'

*Complainant's signature*

Maxwell DeWald, Special Agent, IRS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __Telephone__ *(specify reliable electronic means).*

Date: 4/4/25

Peter B. Silvain, Jr.
United States Magistrate Judge

City and state: Dayton, Ohio

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Maxwell DeWald, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Internal Revenue Service, Criminal Investigation ("IRS-CI") and have been since December 2023. I am currently assigned to the Dayton, Ohio post of duty within the Cincinnati Field Office. I have a Bachelor of Business Administration in Accounting that I received from Kentucky Christian University. I have a Master of Business Administration in data analytics and finance from Northern Kentucky University. I have work experience in areas such as tax preparation, accounting, and audit. I worked three years as a Revenue Agent at the Internal Revenue Service Tax Exempt/ Government Entities area. I am also a graduate of the Criminal Investigator Training Program and Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia where my studies included criminal law, constitutional law and investigative techniques applicable to federal criminal investigations and prosecutions. As an IRS-CI special agent, my primary duties include investigating potential criminal violations of Title 18 (money laundering and related specified unlawful activities), Title 26 (Internal Revenue Code), and Title 31 (Bank Secrecy Act) of the United States Code.

2. The information set forth herein is based on my personal knowledge, training and experience, that of other experienced IRS-CI agents, with whom I have conferred, as well as information obtained from various sources. Because this affidavit is only intended to demonstrate probable cause in support of this warrant application, it does not purport to set forth all facts known to this investigation.

## PURPOSE OF AFFIDAVIT

3.I make this affidavit in support of a criminal complaint and arrest warrant for Christopher DOWTIN for violations of 18 U.S.C. § 641 (Theft of Public Money, Property, or Records) and 18 U.S.C. § 1343 (Wire Fraud).

## PROBABLE CAUSE

4.The United States, including the Internal Revenue Service Criminal Investigation ("IRS-CI") and the United States Secret Service ("USSS"), is conducting a criminal investigation of CHRISTOPHER DOWTIN ("DOWTIN") for violations of Title 18 U.S.C. § 641 (Theft of Public Money, Property, or Records) and Title 18 U.S.C. § 1343 (Wire Fraud). As detailed below, the scheme began when DOWTIN submitted several false documents and statements with the IRS with the intent to take control of certain businesses' IRS tax accounts. Once DOWTIN successfully and fraudulently converted two businesses' IRS accounts to his name and address, DOWTIN received U.S. Treasury checks for tax refunds that were to be paid out to these two businesses. DOWTIN took the two checks to a local Morgan Stanley office and attempted to negotiate them into a brokerage account to benefit from the fraudulently obtained funds. In furtherance of this scheme, DOWTIN transmitted via wire several fraudulent documents to Morgan Stanley to support DOWTIN's access to the funds from the fraudulently obtained checks.

## INVESTIGATION

**Deposits**

5.On, or about, February 13, 2025, DOWTIN, along with acquaintance whose identity is known to me but who shall be referred to as "J.E." for purposes of this affidavit, met with a Morgan Stanley Financial Advisor ("FA") at 4380 Buckeye Lane, Suite 200, Beavercreek, Ohio 45440. During the meeting, DOWTIN opened a Morgan Stanley brokerage account in the

2

name of a trust, "CHRISTOPHER J DOWTIN TTEE CHRISTOPHER DOWTIN PRIVATE BANK E&T RLT U/DEC DTD 02/10/2025". DOWTIN attempted to fund the account with two U.S. Treasury checks, as detailed below:

  A. Check #1: Check Number: 4045 59268458
     Date: 2-4-2025
     Payee: COMPANY #1[1]
     YLENCIA DYSONNE JACKSON
     CHRISTOPHER DOWTIN PRIVATE BANKER
     ADDRESS[2]
     Amount: $32,495,888.58
     REF: 12/2020 F-1120

  B. Check #2: Check Number 4045 59268459
     Date: 2-4-2025
     Payee: COMPANY #2[3]
     CHRISTOPHER DOWTIN PRIVATE BANK E&T
     ADDRESS
     Amount: $26,156.50
     REF: 12/2022 F-1120

6.  DOWTIN informed FA that the two companies (Company #1 and Company #2) had illegally used DOWTIN's "personhood," and the checks were payment for such. Furthermore, DOWTIN explained that the payments owed to DOWTIN from the two companies had been transferred to DOWTIN from the IRS.

7.  FA accessed the Treasury Check Verification System (TCVS) and verified both checks presented by DOWTIN were valid U.S. Treasury checks. FA knew Morgan Stanley's internal systems would review DOWTIN's account, and thus FA informed DOWTIN the checks would be reviewed with a "fine tooth comb" due to the high dollar amount.

---

[1] The name and variations of this company's business name shall appear as "Company #1" for purposes of this affidavit.
[2] The exact address is known and appears consistently on the multiple documents referenced in this affidavit. As this is the home address for DOWTIN, all references to this location shall be referred to as "ADDRESS" throughout this affidavit.
[3] The name and variations of this company's business name shall appear as "Company #2" for purposes of this affidavit.

8. In addition to the two U.S. Treasury checks DOWTIN presented to FA during the February 13, 2025 meeting, DOWTIN also provided a copy of his Georgia driver's license, listing a home address of ADDRESS, and a copy of the Christopher DOWTIN Private Bank E&T Revocable Living Trust documents. DOWTIN showed FA copies of the below IRS documents. Copies of the documents were not obtained at the time of the meeting, however, DOWTIN emailed copies of the documents to FA the following week.

- A. IRS Form 56 Notice Concerning Fiduciary Relationship (Name of Person: Company #1: Christopher DOWTIN Private Bank E&T)
- B. IRS Form 56 Notice Concerning Fiduciary Relationship (Name of Person: Company #2: Christopher DOWTIN Private Bank E&T)
- C. IRS Form 2848 Power of Attorney and Declaration of Representative (Taxpayer: Company #1: Christopher DOWTIN Private Bank E&T)
- D. IRS Form 2848 Power of Attorney and Declaration of Representative (Taxpayer: Company #2: Christopher DOWTIN Private Bank E&T)
- E. IRS Form 8822-B Change of Address or Responsible Party – Business (Company #1)
- F. IRS Form 8822-B Change of Address or Responsible Party – Business (Company #2)
- G. IRS Letterhead CP138 regarding Company #1
- H. IRS Letterhead CP237A regarding Company #2

9. On or about February 19, 2025, an Executive Director at Morgan Stanley spoke with USSS and IRS-CI regarding DOWTIN and had indicated the two U.S. Treasury checks DOWTIN presented were deemed suspicious. Copies of the U.S. Treasury checks, the IRS documents, and DOWTIN's driver's license were provided to IRS-CI.

**Company #1**

10. IRS-CI spoke with representatives from Company #1 ("Company #1 reps"), specifically the Vice President of Taxation and Deputy General Counsel, multiple times during the

4

week of February 24, 2025. Company #1 reps reviewed a copy of Check #1, described above, and advised DOWTIN should not have been in possession of the check, nor any other checks on behalf of Company #1. Additionally, Company #1 reps advised Company #1 is unaware of the names Ylencia Dysonne Jackson and Christopher DOWTIN Private Banker, as listed on the check. Finally, Company #1 reps advised the address listed on the check— ADDRESS —is not affiliated with Company #1 and has not been used for Company #1's business, and Company #1 has not requested a check be sent to the address listed on the check.

11.     Company #1 reps also reviewed copies of the IRS documents DOWTIN presented to Morgan Stanley concerning Company #1, specifically, IRS Form 56, Notice Concerning Fiduciary Relationship; IRS Form 2848, Power of Attorney and Declaration of Representative; and IRS Form 8822-B, Change of Address or Responsible Party-Business. Company #1 reps confirmed these forms are fraudulent, advising DOWTIN does not have a fiduciary relationship with Company #1 and has no power of attorney privileges for Company #1. Company #1 reps further confirmed Company #1 did not change the company address nor did Company #1 change the responsible party to a new Employer Identification Number ("EIN"). Thus, neither the ADDRESS nor the EIN ending in 3065 listed on the IRS Form 8822-B are associated or used by Company #1.

12.     Company #1 reps further elaborated that neither Ylencia Dysonne Jackson nor DOWTIN work for Company #1, they are not authorized to possess or present a check for claim on behalf of Company #1, and they are/have not been in litigation with Company #1.

13.     Company #1 reps informed IRS-CI of an ongoing issue the company has experienced since the beginning of 2023. On multiple occasions, the IRS had erroneously issued Company #1 a paper refund check for a tax refund due as opposed to applying the tax refund as an

5

overpayment to the subsequent year's tax account, as Company #1 had requested on their filed corporate tax return. Specifically, Company #1 received paper refund checks related to the 2020 tax period and the 2021 tax period. In each of these instances, Company #1 reps attempted to work with IRS representatives to get the refund checks cancelled and/or voided and have the refunds credited to the following year's tax account. These ongoing issues allowed DOWTIN the opportunity to fraudulently receive Company #1's tax refund check through the filing of false IRS documents, as further detailed below.

**Company #2**

14. IRS-CI spoke with a Company #2 representative ("Company #2 rep"), specifically a member of Company #2's Litigation Counsel, during the week of February 24, 2025. Company #2 rep reviewed a copy of Check #2, described above, and advised that DOWTIN should not have been in possession of the check, nor any U.S. Treasury check issued to Company #2. Additionally, Company #2 rep advised that DOWTIN is not an employee of Company #2, has no fiduciary connection to Company #2, has no legal ties to Company #2, and should not be in possession of any legal documentation involving Company #2.

15. Company #2 rep identified the name DOWTIN as one of many individuals who has recently filed false documents with the IRS, in what Company #2's legal team believes is an attempt to gain access to Company #2's IRS tax account. Specifically, Company #2 rep provided IRS-CI with a copy of an IRS Form 2848 Power of Attorney and Declaration of Representative that appears to have been sent by DOWTIN to the IRS via eFAX on November 21, 2024. On the form, DOWTIN's name, address, and phone number are listed as an appointed representative for Company #2. In response, Company #2 rep sent a Cease and Desist Demand letter dated January 15, 2025 to DOWTIN. In summary, the letter informs DOWTIN the documentation he provided

to the IRS is false and unauthorized and that DOWTIN has no legal authority to represent Company #2 in any capacity.

**Issuance of U.S. Treasury Checks**

16. IRS-CI reviewed DOWTIN's personal tax records and tax related information, including documents DOWTIN submitted to the IRS as well as correspondence DOWTIN had with the IRS. Tax records and tax related information associated to U.S. Treasury Checks #1 and #2, described above, were also reviewed. IRS-CI also reviewed certain records associated with Company #1 and Company #2 as it relates to their tax accounts.

17. On or about June 5, 2024, the IRS issued the EIN ending in 3065 to applicant Christopher DOWTIN Individual Banker, in care of Christopher DOWTIN Private Bank E&T. This is the same name and EIN that appear on the two IRS Forms 8822-B DOWTIN provided to Morgan Stanley on February 18, 2025, in which DOWTIN claims to be the new responsible party for Company #1 and Company #2.

18. On or about December 18, 2024, IRS records showed eight (8) IRS Forms 8822-B Change of Address or Responsible Party-Business associated with DOWTIN were processed. Each of these eight (8) IRS Forms 8822-B requested DOWTIN be listed as the new responsible party for a particular company. These records included the IRS Forms 8822-B for Company #1 and Company #2, which DOWTIN had emailed to FA at Morgan Stanley in the week following their meeting.

19. On or about January 16, 2025, Company #1 mailed back to the IRS the U.S. Treasury tax refund check the company had in its possession related to Company #1's 2020 tax year refund. As detailed above, this paper refund check had been erroneously sent to Company #1 instead of the refund being credited to Company #1's subsequent 2021 tax account, as requested.

Company #1 submitted a letter with the check in which Company #1 requested the IRS void the refund check, apply the funds to Company #1's tax account, and apply any overpayment to the next tax period.

20. On or about January 28, 2025, DOWTIN called the IRS in regard to an IRS Letter 104C he received in the mail. The IRS representative informed DOWTIN the IRS Letter 104C is an "address or responsible party change acknowledgment" and the letter acknowledges that the changes DOWTIN requested have been completed and accepted.

21. According to IRS records, the U.S. Treasury tax refund check that Company #1 mailed back to the IRS on January 16, 2025 was redeposited to the IRS. However, the IRS did not correctly apply the refund as a carryforward credit to the next tax period as Company #1 had requested. Instead, the IRS immediately reissued another U.S. Treasury tax refund check dated February 4, 2025. As noted above, the IRS had recently processed the IRS Form 8822-B that DOWTIN had fraudulently submitted; thus, the newly issued U.S. Treasury tax refund check, dated February 4, 2025, was issued using the falsified information listed on the fraudulent IRS Form 8822-B. Specifically, CHRISTOPHER DOWTIN PRIVATE BANK was identified as the check payee and the check was mailed to ADDRESS, as detailed above.

22. Similarly, a U.S. Treasury tax refund check to Company #2 was reversed due to an undelivered refund check. Later, IRS reissued another U.S. Treasury tax refund check dated February 4, 2025. As noted above, the IRS had recently processed the IRS Form 8822-B that DOWTIN had fraudulently submitted; thus, the newly issued U.S. Treasury tax refund check, dated February 4, 2025, was issued using the falsified information listed on the fraudulent IRS Form 8822-B. Specifically, CHRISTOPHER DOWTIN PRIVATE BANK E&T was identified as the check payee and the check was mailed to ADDRESS.

23. After receiving Check #1, DOWTIN met with FA at Morgan Stanley on or about February 13, 2025, at 4380 Buckeye Lane, Suite 200, Dayton, Ohio 45440 and attempted to negotiate Check #1, as described above. According to Morgan Stanley, DOWTIN attempted to contact FA on multiple occasions during the following week. On or about February 19, 2025, Morgan Stanley deemed the check suspicious and reached out to IRS-CI and USSS, at which time IRS-CI began the investigation outlined above. Based on the evidence learned during the course of the investigation, including interviews, tax records, submitted documents, as well as recorded phone calls, DOWTIN did not have legal authority to possess or attempt to negotiate the two U.S. Treasury checks he presented to Morgan Stanley.

24. After attempting to negotiate the two checks as described above, DOWTIN has continued to engage in activities that he does not have authority to do in furtherance of obtaining the funds associated with the two U.S. Treasury checks. Specifically, on or about February 21, 2025, DOWTIN contacted the IRS regarding DOWTIN's attempt to file the IRS Form 2848, Power of Attorney and Declaration of Representative for Company #1. During the recorded call, the IRS representative repeatedly tells DOWTIN the submitted IRS Form 2848 listing DOWTIN as the representative had not been signed by the taxpayer. The IRS representative further explains that a signature from a Company #1 representative is required on the form in order to allow DOWTIN to be a representative on behalf of Company #1.

## **CONCLUSION**

25. Based on the foregoing, I believe there is probable cause to believe that DOWTIN has committed violations of 18 U.S.C. § 641 (Theft of Public Money, Property or Records) and 18 U.S.C. § 1343 (Wire Fraud).

26. Thus, I respectfully request that the Court issue the above-requested complaint and arrest warrant for DOWTIN.

> Dewald Maxwell
> Digitally signed by Dewald Maxwell
> Date: 2025.04.04 15:05:59 -04'00'

Maxwell DeWald
Special Agent
Internal Revenue Service

Subscribed and sworn to before me via reliable electronic means, this __4th_ day of April 2025.

Peter B. Silvain, Jr.
United States Magistrate Judge

10