# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:25-cr-32 |
| | : | |
| Plaintiff, | : | Judge Walter H. Rice |
| | : | |
| vs. | : | |
| | : | |
| **CHRISTOPHER DOWNTIN,** | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MOTION IN LIMINE TO PROHIBIT SOVEREIGN CITIZEN, JURY NULLIFICATION, AND MISTAKE OF LAW ARGUMENTS

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files its Motion in Limine requesting the Court prohibit the defendant from making arguments that are contrary to law and that would confuse or mislead the jury. A memorandum in support is attached.

Respectfully submitted,

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

s/ Amy M. Smith
AMY M. SMITH (0081712)
ERICA D. LUNDERMAN (0098342)
Assistant United States Attorneys
Walter H. Rice Federal Building
200 West Second Street, Ste. 600
Dayton, OH 45402
Telephone: (937) 225-2910
Fax: (937) 225-2564

MEMORANDUM

The United States moves in limine to exclude at the trial of this case Defendant's sovereign-citizen ideological arguments on several grounds. The United States also moves in limine to exclude at the trial of this case any arguments that would encourage jurors to ignore the law, not follow the Court's instructions, or otherwise violate their oaths are jurors. Any such arguments are irrelevant, prejudicial, confusing, and misleading.

Federal district court have broad authority in ruling on the admissibility of evidence under their "inherent authority to manage trials." *Middleton v. SelecTucks of Am., LLC*, 589 F. Supp. 3d 687, 691 (W.D. Ky. 2022) (internal citations omitted). Because of that inherent authority to manage trials, federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (internal citations omitted); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013).

Fed. R. Evid. 401, 402, and 403 govern the standards of relevance and its admission. Rule 401 states "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The threshold for establishing relevance is low and the relevancy standard is "extremely liberal." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence proffered by a criminal defendant that is not relevant to a valid defense, or that has no bearing on a fact at issue, but could "well cause the jury to be influenced by sympathies having no bearing on the merits of the case" is subject to exclusion under the Rules of Evidence. *United States v. Paccione*, 949 F.2d 1183, 1201 (2nd Cir. 1991); *see United States v. Martinez-Morel*, 118 F.3d 710, 714-15 (10th Cir. 1997). Even if evidence is determined to be relevant, it still might be excluded if "its probative value is

2

substantially outweighed by . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

    I.    <u>Sovereign Citizen Ideology</u>

The United States believes that Defendant will attempt to introduce and argue his sovereign citizen type ideologies and theories. As this Court is aware, Defendant has submitted or "lodged" multiple documents that now appear on the public record in both this and the related case (*United States v. Dowtin, et al.*, United States District Court for the Southern District of Ohio Case No. 3:25cr80) and has made statements during court proceedings that espouse legal theories not recognized by this Court. This Court has characterized Defendant's ideas as being commonly associated with the "sovereign citizen" movement. (*See*, Doc. 61 of Case No. 3:25cr80, Order dated December 10, 2025). Through that Order, this Court rejected multiple arguments set forth by this Defendant and the co-defendant, Bondary McCall, in Case No. 3:25cr80. (*Id.*). Notably, this Court has already rejected multiple attempts by both defendants to resolve this matter via trust law and to further their sovereign-citizen legal theories. (*Id.*). Thus, the United States seeks, pretrial, for a ruling from this Court to prohibit arguments in this same vein from being furthered by Defendant during the upcoming trial in this matter. More specifically, the United States requests this Court prohibit Defendant from arguing he is a private trust, that the flesh and blood man was not properly charged, that a commercial entity or utility was charged, that there is unique meaning to the charging documents using names in all capital letters, that he is a trustee or grantor over the charged entity/utility, that this matter should be resolved in equity, and that this Court does not have jurisdiction over him.

The United States seeks to prohibit these types of arguments as they do not clear the threshold for admissibility set forth in Federal Rules of Evidence 401, 402, and 403. *See generally*

*United States v. McCaskill*, 48 F. App'x 961 (6th Cir. 2002); *United States v. Harris-Johnson*, 2025 WL 3187526 at *3 (W.D. Ky. Nov. 14, 2025); *United States v. Rivers*, 2013 WL 3937026 at *1 (M.D. Tenn. July 30, 2013) (finding that defendant's theories relating to his status as a "sovereign citizen/natural person" were not a defense, not relevant, and were prejudicial); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (sovereign citizen defense has "no conceivable validity in American law, the judge would not have permitted it to be presented to the jury and no reputable lawyer could have been found to attempt to persuade the judge otherwise"); *United States v. Benane*, 654 F.3d 753, 767 (7th Cir. 2011) ("[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."). The Sixth Circuit has held that such jurisdictional arguments are "patently meritless" and, therefore, not legal arguments because Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231. *United States v. McCaskill*, 48 F. App'x 961 (6th Cir. 2002); *see also United States v. Williamson*, 2022 WL 16640010 at *2 (W.D. Ky. Nov. 2, 2022).

Furthermore, Defendant's sovereign citizen type arguments would only serve to confuse a jury. As was the situation in *Williamson*, the fact that the Court has jurisdiction over the defendant's case cannot be disputed. *See Williamson* at *id.*; *see also McCaskill*, 48 F. App'x at 961. Any arguments that the defendant is not subject to this Court's jurisdiction because he is the trustee over the commercial utility are not only irrelevant, but wholly contrary to the well-established law of the Sixth Circuit and risk undue prejudice by confusing the issues and misleading the jury. Since jurisdiction is a question of law for the Court and not a question of fact for the jury, permitting these arguments would encourage jurors to ignore the law and suggest that

4

the jury should acquit the defendant for reasons outside of the applicable law and the facts of the case.

    II.    <u>Jury Nullification</u>

Furthermore, the United States seeks to preclude Defendant from arguing that the jurors should acquit him because he followed a different set of beliefs. It is well established that jurors in any matter must follow the law. Due to that deep-seated rule, it would be improper for a defendant to in any way suggest to the jury that the jury should acquit for reasons beyond the facts and the law. *See Sparf & Hansen v. United States*, 156 U.S. 51 (1895) (universally regarded as the decisive case disapproving of jury nullification). "A defendant may not offer evidence and testimony for the sole purpose of inviting jury nullification." *United States v. Asai*, 2018 U.S. Dist. LEXIS 189664 at *14 (W.D. Ky. Nov. 6, 2018). Many courts have held that jury nullification is improper. *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir.1983) ("Although jurors may indeed have the power to ignore the law, their duty is to apply the law as interpreted by the court and they should be so instructed."); *United States v. Muse*, 83 F.3d 672, 677 (4th Cir.1996) ("Although a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir.1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly."). A jury's decision, especially during the guilt phase of a criminal trial, should be based upon the evidence, and not upon their sympathy for either the defendant or the victim of a particular crime. *See United States v. Duval*, 865 F.Supp.2d 803, 809 (E.D. Mich. 2012) (jury nullification occurs when there is no purpose for evidence "other than to ask the jury to acquit despite proof of

5

the elements of the crimes beyond a reasonable doubt").

III.     Mistake of Law

The United States also seeks to prohibit Defendant from arguing that, by virtue of his beliefs, he was mistaken as to the law. Mistake of law is not a valid defense to criminal prosecution. *Cheek v. United States*, 498 U.S. 192, 199, (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."). Courts have allowed, under certain circumstances, for mistake of law to be a defense to a crime where the knowledge of the lawfulness of one's conduct is an express element of the offense, including when charged with a "highly technical statute[ ] that present[s] the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan v. United States*, 524 U.S. 184, 194 (1998). However, the United States does not believe either of the statutes charged in this matter would qualify as a highly technical statute such that a mistake of law defense is appropriate.

WHEREFORE, the United States respectfully requests this Court not permit the defendant to present a sovereign citizen defense and further preclude the defendant from arguments that encourage jury nullification.

    Respectfully submitted,

    DOMINICK S. GERACE II
    UNITED STATES ATTORNEY

    *s/ Amy M. Smith*
    AMY M. SMITH (0081712)
    ERICA D. LUNDERMAN (0098342)
    Assistant United States Attorneys
    Walter H. Rice Federal Building
    200 West Second Street, Suite 600
    Dayton, OH 45402
    (937) 225-2910

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was served on defendant's standby counsel on the same date as filing via the Court's ECF System and a separate filed copy will be hand delivered on January 27, 2026 to the defendant at his current address.

Christopher Downtin
Inmate at Butler County Jail
705 Hanover Street
Hamilton, Ohio 45011

                                                s/ *Amy M. Smith*
                                                AMY M. SMITH
                                                Assistant United States Attorney