UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER DOWTIN<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:25-CR-32 (WHR) |

# UNITED STATES' MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF DOCUMENTS UNDER FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

Pursuant to Federal Rule of Evidence 104, Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby moves for a pretrial determination concerning admissibility of certain documents. This motion is based on the attached memorandum, the files and records of this case, and such evidence and argument that is presented during any hearing on this matter.

DATED: February 6, 2026

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/Amy M. Smith
AMY M. SMITH
ERICA LUNDERMAN
Assistant United States Attorney
200 West Second Street
Dayton, OH 45402
Telephone: (937) 225-2910
amy.smith2@usdoj.gov
erica.lunderman@usdoj.gov

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The United States seeks a pretrial determination that the documents identified in the attached certification – namely, certain bank account records from JP Morgan Chase Bank[1] – are admissible business records under Federal Rule of Evidence 803(6). Moreover, the United States further seeks a ruling from the Court that, given the certification -- which comply with the mandates of Federal Rule of Evidence 902(11) -- no additional extrinsic evidence is required to establish the authenticity (and hence admissibility) of these business records.

### II.

### ARGUMENT

#### A. The Federal Rules of Evidence Permit this Court to Rule Pretrial Concerning the Admissibility of Certain Evidence.

Federal Rule of Evidence 104 provides that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court." Fed. R. Evid. 104(a). Because the district court – and not the jury – "has the sole responsibility for ruling on the admissibility of evidence," *United States v. Swidan*, 888 F.2d 1076, 1081 (6th Cir. 1989), a trial judge may issue pretrial, preliminary orders concerning whether certain documents satisfy the hearsay exceptions to the Federal Rules of Evidence. *See United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) (noting that, because a district court has "considerable discretion in controlling the mode[, ] order of proof," and ultimate admissibility of evidence at trial, it may conduct preliminary pretrial hearings concerning admissibility of evidence). Such pretrial rulings avoid delay and promote efficient use of the time of this Court and the jury.

[1] The records referenced will be Christopher Dowtin's JP Morgan Chase bank account statement dated January 23, 2025 through February 21, 2025.

**B. Federal Rules of Evidence 803(6) and 902(11) Render the Records Admissibility at Trial.**

The documents at issue here constitute admissible business records under Federal Rule of Evidence 803(6). More precisely, this rule provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6). It is well-established that, if properly authenticated, bank records constitute business records within the meaning of this rule. *See Doe v. United States*, 253 F.3d 256, 270 n.4 (6th Cir. 2001) (noting that records of individual's bank account constitute "the business records of the bank").

Moreover, under the plain terms of Rule 803(6), a party may establish a document as a business record, as well as its authenticity, through the submission of a certification pursuant to Rule 902(11). *See* Fed. R. Evid. R. 803(6) (noting that admissibility may be established through testimony or certification under Rule 902(11)). Thus, a written declaration of the documents' custodian or other qualified person demonstrates both the documents' admissibility and authenticity where, as here, it certifies that the record:

> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.

Fed. R. Evid. 902(11). In order to "offer a record into evidence" in this manner, a party must:

> provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

*Id.*

The attached certification complies with these rules and establish the foundational requirements of Rules 803(6) and 902(11) concerning the records identified in the certification. Moreover, through this motion *in limine*, the United State provides the required written notice to the defendants as well as an opportunity for inspection of the certification. *See United States v. Olguin*, 643 F.3d 384, 2011 WL 2186441, at *4 (5th Cir. June 7, 2011) (notification provided under Rule 902(11) five days before start of trial sufficient). It should be noted that Rule 902(11) does provide a timeline for when a record and declaration should be made available, only that "an adverse party should have an opportunity to challenge them." See Fed. R. Evid. R. 902(11). It should be noted that the United States previously disclosed the records identified in the certification to the defendant for inspection and copying during the discovery process.[2]

**C. <u>Neither the Business Records Nor the Certification Under Rule 902(11) Implicate Defendant's Rights Under the Confrontation Clause.</u>**

Neither business records nor the certifications under Rule 902(11) are considered "testimonial" within the meaning of the Confrontation Clause and therefore are admissible at trial absent live testimony. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that, where the government offers at trial hearsay evidence that is "testimonial" in nature, the Confrontation Clause of the Sixth Amendment requires actual confrontation, *i.e.*, cross-examination, regardless of the statement's reliability. *Id*. at 61-62. Although the Supreme Court did not provide a definition of "testimonial" statements, it "did cite various formulations of the

---

[2] The full records were disclosed in Production 2; they are Bates 251-342. The Certification was produced as Bates 252. The records that will be introduced at trial are Bates 313-317.

core class" of evidence covered by this term, including "prior testimony at a preliminary hearing, before a grand jury, or at a former trial [] and [] police interrogations." *United States v. Hagege,* 437 F.3d 943, 957 (9th Cir. 2006) (citing *Crawford*).

In contrast, the Supreme Court noted that certain types of statements were not "testimonial hearsay" – such as business records – and thus would not be subject to the requirements of actual confrontation. *See Crawford*, 541 U.S. at 56, 68. Consistent with *Crawford*, the Sixth Circuit has held that business records are non-testimonial in nature and thus do not implicate a defendant's rights under the Confrontation Clause. *See United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007) (characterizing business records as non-testimonial in nature). Similarly, Rule 902(11) certifications are not testimonial within the meaning of *Crawford*. *See United States v. Warshak*, 2007 WL 4591208, at *6 (S.D. Ohio Dec 28, 2007) (rejecting *Crawford* challenge to custodian of records certification); *United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011) (same); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (same); *see also United States v. Jackson*, 625 F.3d 875, 881 n. 6 (5th Cir 2010) (holding that "*Crawford* does not apply to the foundational evidence offered to authenticate business records in preliminary determinations of the records' admissibility" (citation omitted)); *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (holding that "a routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature" (citation omitted)); *see also Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 n.1 (2009) ("A clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysts did here: create a record for the sole purpose of providing evidence against a defendant.").

## III.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant this motion and enter an order *in limine* finding that the records identified in the certification are admissible business records under Federal Rule of Evidence 803(6), and that no further extrinsic evidence of authenticity is required.

DATED: February 6, 2026

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/Amy M. Smith
AMY M. SMITH
ERICA D. LUNDERMAN
Assistant United States Attorneys
602 Federal Building
200 West Second Street Dayton, OH 45402
Telephone: (937) 225-2910
Fax: (937) 225-2564
amy.smith2@usdoj.gov
erica.lunderman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on defendant's standy counsel on the same date as filing via the Court's ECF System and a separate filed copy will be hand delivered on February 6, 2026 to the defendant in the Marshall's office at 200 W. Second St. Dayton, Ohio 45402.

s/ *Amy M. Smith*
AMY M. SMITH
Assistant United States Attorney

# DECLARATION

**Case No. : 2024R00473071**

I, Annette Kuklak, certify and declare as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is 7610 West Washington Street, Indianapolis, Indiana 46231.

3. I am a Transactions Specialist IV and Custodian of Records for JPMorgan Chase Bank, N.A. (hereinafter referred to as the "Bank") in the National Subpoena Processing Department.

4. Based on my knowledge of the Bank's business records practices and procedures, the enclosed records are a true and correct copy of the original documents kept by the Bank in the ordinary course of business.

5. Based on my knowledge of the Bank's business records practices and procedures, the records were made at or near the time of the occurrence of the matters set forth in the records by, or from, information transmitted by a person with knowledge of those matters.

6. It is the regular practice of the Bank to make such a record of transactions in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of Indiana, that the foregoing is true and correct.

Dated: 3/4/2025

By: Annette Kuklak
Annette Kuklak
Transactions Specialist IV
JPMORGAN CHASE BANK, N.A.

SB1683927-F1
SUBP10a

Attachment A