IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:25-CR-32 |
| Plaintiff | : | JUDGE WALTER H. RICE |
| v. | : | |
| CHRISTOPHER DOWTIN, | : | |
| Defendant | : | |

---

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Assistant United States Attorneys, Amy M. Smith and Erica D. Lunderman and respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

*/s/ Amy M. Smith*
AMY M. SMITH (0081712)
ERICA D. LUNDERMAN (0098342)
Assistant United States Attorneys
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
amy.smith2@usdoj.gov

## INTRODUCTION

On April 22, 2025, defendant Christopher Dowtin ("Dowtin") was charged by Indictment with eight counts related to Theft of Government Money, Property or Records (Counts 1 and 2) and Wire Fraud (Counts 3 through 8) (Presentence Report "PSR" at ¶ 1). Dowtin elected to proceed with a trial to the bench in this matter. Prior to trial, Counts 7 and 8 were dismissed. (*Id.* at ¶ 3). On March 9, 2026, this Court found Dowtin guilty on each of Counts 1 through 6. (*Id.* at ¶ 4).

The United States Probation Department conducted a thorough PSR and calculated Dowtin's sentencing guidelines to be 87 to 108 months, followed by up to 3 years of supervised release. (*Id.* at page 22). However, the Probation Department recommends the Court impose a sentence of 30 months on each count, to run concurrently. The United States disagrees with Probation's recommendation and requests that this Court take into consideration the following factors in addition to the facts that were introduced at trial and impose a lengthier sentence.

## STATEMENT OF FACTS

Having sat through the trial in this matter, this Court is aware of the facts and circumstances of this case. In sum, Dowtin learned of a scheme to file certain forms with the IRS and receive money. Rather than confirm any of this with a reputable accountant or even the website belonging to the IRS, Dowtin proceeded to follow this scheme and filed numerous IRS forms, which had the effect of altering corporate account addresses and points of contact within the IRS databases. As a result of Dowtin's filings, Dowtin was temporarily identified as the fiduciary and point of contact for at least two corporations. When each of those corporations were issued a return/refund check, Dowtin received the checks in his name at his home address. However, Dowtin was never

authorized to file any of those forms for those corporations, was never authorized to act on those corporations' behalf, and was never entitled to receive the corporations' tax returns/refunds.

Once he received the two tax return/refund checks, one of which was for over $32 million, Dowtin took the checks from his home in Georgia to a brokerage firm in Beavercreek, Ohio where he intended to deposit the funds in a soon-to-be created investment account. He subsequently sent documents via email to the same brokerage firm to support his position that he was entitled to the funds associated with these checks. Due to the diligence of the brokerage firms' actions in investigating and reporting these checks to authorities, Dowtin's scheme was discovered, and no actual financial loss was incurred by the IRS or the corporations.

## ARGUMENT

### I. SENTENCING CALCULATION

#### A. Advisory Sentencing Guidelines Calculation

The United States agrees with the guideline calculation set forth in the Presentence Report: a total offense level of 29, a Criminal History Category I, and an advisory guideline range of 87 to 108 months.

Dowtin was arrested on a bench warrant on September 17, 2025. Dowtin remained in custody until February 27, 2026, at which time this Court released Dowtin. As a result, Dowtin has served approximately 5 months, 10 days in jail.

### II. ANALYSIS OF 3553(a) FACTORS

The United States submits that relevant § 3553(a) factors support a term of incarceration.

**A. The nature and circumstance of the offense and the history and characteristics of defendant.**

Dowtin's actions were calculated, methodical, and intentional. He spent months filing documents to create an EIN, filed multiple IRS forms, and successfully – albeit temporarily - took over the tax account of multiple companies. Then, after receiving two checks - one for an amount beyond anything that anyone could rationally believe they were entitled to, Dowtin took the checks from his home in Georgia and brought them to a local brokerage firm in the Southern District of Ohio. He doubled his efforts by sending emails to the brokerage firm, attempting to convince them that he was entitled to the funds. The time, effort, and actions that Dowtin took to take over these accounts and to conceal his actions by travelling to another state were considerable. His scheme was sophisticated, required intimate knowledge of IRS forms, and was designed to evade law enforcement.

While Dowtin qualifies as a zero-point offender, he has a previous conviction for Robbery in New York from 1999. Dowtin also believes himself to be a "private" citizen and that his body has been placed in trust. Dowtin repeatedly attempted to resolve this criminal matter by invoking "equitable" powers of the court.

It appears to the United States that Dowtin does not accept that his behavior was criminal or that he did something wrong. Throughout trial, Dowtin attempted to explain to this Court how he "did his research," and called to make sure he filed things correctly in effort to suggest to this Court that he lacked the intent to engage in criminal conduct. However, Dowtin also admitted that he never consulted anyone with any legitimate expertise nor did he seek information on any reputable website before he moved forward with his scheme. He also did not hesitate to travel multiple states away and attempt to cash a $32 million check.

**B. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide the defendant with needed education, medical, and correctional treatment.**

Dowtin's actions in committing the crime were calculated and, if successful, would have resulted in a loss more than $32 million to the United States. In addition to Dowtin's behavior for the convicted charges, Dowtin's behavior during pretrial supervision as well as the behavior identified in the Government's Motion to Revoke Bond (Doc. 19), demonstrates that Dowtin does not respect the law.

As described by IRS witness Salvatore Hazel at trial, the IRS has experienced other individuals who have also attempted this same scheme as Dowtin. This behavior by Dowtin, and others like him, are a burden on the effective administration of the collection and distribution of tax money by the IRS.

**C. To afford adequate deterrence to criminal conduct and protection of the public from further crimes of the defendant.**

The potential windfall that Dowtin and others who attempt this scheme could receive make this a highly attractive scheme. A significant sentence is necessary to sufficiently deter such future conduct by Dowtin and others who attempt to engage in this scheme. Dowtin's actions throughout the course of this case show that he does not believe that he is subject to the same laws and requirements as others. As such, a significant sentence is necessary to protect the public from future crimes by this defendant.

**CONCLUSION**

For the reasons stated above, the United States requests the Court to take into consideration the above information, the facts and behavior evidenced by Dowtin throughout the duration of this case and trial, as well as other information in the record and impose a sentence that is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

/

*/s/Amy M. Smith*
AMY M. SMITH (0081712)
ERICA D. LUNDERMAN (0098342)
Assistant United States Attorneys
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
amy.smith2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Sentencing Memorandum was served was served, via ECF, upon stand-by counsel for defendant on the same date as filing. A filed copy of this Sentencing Memorandum was emailed to Defendant.

*/s/Amy M. Smith*
AMY M. SMITH (0081712)
Assistant United States Attorney